**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-6369**

———————

UNITED STATES OF AMERICA,

                Petitioner - Appellee,

     v.

WILLIAM CARL WELSH,

                Respondent - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever, III, Chief District Judge.  (5:11-hc-02209-D-JG)

———————

Submitted:  March 31, 2014          Decided:  April 3, 2014

———————

Before KING and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Thomas P. McNamara, Federal Public Defender, Eric J. Brignac, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, R.A. Renfer, Jr., Assistant United States Attorney, Michael E. Lockridge, Special Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Carl Welsh appeals the district court's order committing him as a sexually dangerous person under the Adam Walsh Child Protection and Safety Act of 2006, 18 U.S.C. § 4248 (2012). We affirm.

To civilly commit a person pursuant to 18 U.S.C. § 4248, the government must prove by clear and convincing evidence that the individual "(1) has engaged or attempted to engage in sexually violent conduct or child molestation . . . , (2) suffers from a serious mental illness, abnormality, or disorder, and (3) as a result would have serious difficulty refraining from sexually violent conduct or child molestation if released." United States v. Comstock, 627 F.3d 513, 519 (4th Cir. 2010) (internal quotation marks and alteration omitted). "When applying the clear and convincing standard, the court must identify credible supporting evidence that renders its factual determination highly probable." United States v. Antone, 742 F.3d 151, 159 (4th Cir. 2014) (internal quotation marks omitted). Clear and convincing evidence is that which supports "a firm belief or conviction, without hesitancy, as to the truth of the allegations sought to be established." Id. (internal quotation marks omitted).

On appeal, we review a district court's factual findings under § 4248 for clear error and its legal conclusions

de novo. United States v. Wooden, 693 F.3d 440, 451 (4th Cir. 2012). Accordingly, "[i]f the district court's account of the evidence is plausible in light of the record viewed in its entirety, [we] may not reverse it." Id. (internal quotation marks omitted). "Nevertheless, . . . we may set aside a district court's factual findings if the court failed to properly take into account substantial evidence to the contrary or its factual findings are against the clear weight of the evidence considered as a whole." United States v. Springer, 715 F.3d 535, 545 (4th Cir. 2013) (internal quotation marks and alteration omitted).

Welsh first argues that the district court clearly erred by focusing on his past criminal conduct and ignoring the fact that he had been able to refrain from sexually violent conduct and child molestation while unsupervised in the community. We conclude that the district court did not err by emphasizing Welsh's past criminal conduct, as it provided valuable insight on Welsh's likelihood of reoffending. See Wooden, 693 F.3d at 458 (describing prior criminal conduct as "a critical part of the answer" in civil commitment proceedings). Welsh's prior criminal conduct demonstrated that: (1) strict supervision is not a deterrent to Welsh; (2) Welsh is willing to go to elaborate measures to avoid detection; (3) Welsh has a pattern of giving gifts or money to his victims in exchange for

3

sexual favors and silence; and (4) Welsh has spent little time in the community between sanctions.

We also conclude that the court did not ignore Welsh's recent conduct. Rather, the record reveals that Welsh has repeated the same patterns and has shown little to no signs of reform. Specifically, Welsh's fantasies have not subsided, as he reported having fantasies about prepubescent males as recently as 2009. Welsh has also continued his pattern of giving gifts to groom potential victims by buying commissary items for younger-looking inmates. His grooming of younger-looking inmates while awaiting the civil commitment hearing also establishes that Welsh's behavior has remained unmodified by the threat of sanctions. Thus, far from ignoring recent events, the court found that Welsh's recent behavior was consistent with Welsh's "abysmal" criminal history.

Although Welsh attempts to place a positive spin on his time in Belize by noting that he did not engage in any sexual activity with children while unsupervised there, we conclude that the district court did not clearly err by rejecting that interpretation of the evidence. See Anderson v. City of Bessemer City, 470 U.S. 564, 574 (1985) (holding that, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous"). Indeed, Welsh's flight demonstrates that he is still willing to

4

go to elaborate measures to avoid detection. Moreover, his activities with prostitutes in Belize only confirm the district court's conclusions that Welsh is still sexually preoccupied and that Welsh lied about his sexual urges at the commitment hearing.

We further conclude that Welsh's citation to the opinion of Dr. Plaud is also unavailing, as the district court discredited Dr. Plaud's opinion and found more credible the opinions of Drs. Arnold and Perkins. Welsh has not provided any reason to second guess the district court's credibility determination. See United States v. Hall, 664 F.3d 456, 462 (4th Cir. 2012) (noting that this court is "especially reluctant" to second guess district courts' evaluation of expert credibility and assessment of conflicting expert opinions (internal quotation marks omitted)).

Welsh next argues that the district court clearly erred by not giving enough weight to the fact that Welsh will be subject to lifetime supervision if released. We conclude that the district court adequately weighed the potential effect of Welsh's lifetime term of supervised release and thoroughly considered Welsh's options for treatment inside and outside the prison environment. It was not clear error for the district court to: (1) conclude that Welsh would receive better treatment in prison; and (2) minimize the effect of the lifetime term of

supervised release in light of Welsh's utter failure to abide by the terms of supervision in the past.

Because Welsh has failed to demonstrate clear error, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED